## Orthodox Street.   City of Philadelphia's Appeal.

[Marked to be reported.]

*Road law—Change of grade—Notice—Act of May* 16, 1891.

Where ten days' notice of the meeting of viewers is not given " by personal notice to the registered owners and occupants," as required by the act of May 16, 1891, P. L. 75, relating to the change of grade of streets, the owners who have not received notice may file another petition for the appointment of viewers.  It is not necessary for them to reopen the former proceeding.

Argued April 8, 1895.   Appeal, No. 196, Jan. T., 1895, by city of Philadelphia, from order of C. P. No. 3, Phila. Co., June T., 1894, No. 791, dismissing exceptions to report of viewers.   Before GREEN, WILLIAMS, McCOLLUM, DEAN and FELL, JJ.   Affirmed.

Petition for appointment of viewers to assess damages for the change of grade of Orthodox street.

The report of the viewers was in part as follows:

" 11. A petition was presented to the court of common pleas No. 4, as of September term, 1891, No. 766, by an owner of property abutting on Orthodox street, for the appointment of viewers under the act of May 16, 1891, P. L. 75, to assess the damages suffered by the said change of grade of Orthodox street.   The court appointed viewers in pursuance of the terms of the said

petition, entering an order, inter alia, as follows : 'And it is further ordered that the said viewers meet upon the ground affected and described in the petition, on the 20th day of February, 1892, at 3.30 in the afternoon. Ten days' notice of said meeting to be given by advertisement in " The Record," by handbills posted on the premises, and by personal notice to the registered owners and occupants.'

" Proof of service of said notice was duly made to the court, in connection with the report of the jury, and final decree confirming the said report and the various findings thereof, so far as not appealed from, was duly entered. None of the parties who are claimants before this jury in the present proceeding were personally served with notice in the said proceedings as of September term, 1891, No. 766.

"12. All of the parties to whom damages are awarded in this report, or their predecessors in title, were aware, at the time, of the fact that the work of depressing Orthodox street was in progress. Ellen Delaney, James Chadwick, Hugh O'Neill, Robert Wilson, John C. Haines Estate and Thomas Swann are not shown to have heard or known that said proceedings had been begun in common pleas No. 4, September term, 1891, No. 766, until after the same were completed and when it was too late to appeal. John Flynn, heirs of Patrick Carr, Rebecca O'Hanlon and heirs of John Mortimer heard casually of said proceedings during their progress, and that parties on Orthodox street were claiming damages."

The viewers assessed no benefits, but reported damages in favor of the following property owners: Ellen Delaney, James Chadwick, Hugh O'Neill, Robert Wilson, John Flynn, Estate of John C. Haines, Heirs of Patrick Carr, Rebecca O'Hanlon, Thomas Swann, Heirs of James Mortimer and Benjamin Kahn.

The city filed the following exception to the report of viewers :

" The city of Philadelphia excepts to the report filed, because it appears from the facts declared therein that the issues involved in the present proceeding were adjudicated at a former proceeding conducted in due form of law."

The court overruled the exceptions, and confirmed the report.

*Error assigned* was above order.

*E. Spencer Miller*, assistant city solicitor, *Charles E. Warwick*, city solicitor, with him, for appellant.—This court has held that where the legislature prescribes a special tribunal for the collection of claims belonging to a peculiar class, any action brought in it is conclusive on all parties to the subject-matter: Wagner v. Township of Salzburg, 132 Pa. 636 ; Road in Kingston Twp., 134 Pa. 409; Sterrett Twp. Road, 114 Pa. 627; Middle Creek Twp. Road, 9 Pa. 69; App v. Dreisbach, 2 Rawle, 287 ; Hayes' Rules of Court, 1892, p. 75.

*Thomas Leaming*, for appellees.—The order for personal notice, made under the statutory authority, is an essential prerequisite. Its omission renders the proceedings nugatory as to these claimants: Ervine's App., 16 Pa. 256; Volkmar Street, 124 Pa. 320.

OPINION BY MR. JUSTICE GREEN, July 18, 1895:

The report of the viewers in this case affirmatively shows that in the former petition, common pleas No. 4, September term, 1891, No. 766, it was a part of the order of the court that ten days' notice of the meeting of the viewers should be given, " by personal notice to the registered owners and occupants." The report also shows that " none of the parties who are claimants before this jury in the present proceeding were personally served with notice in the said proceedings as to September Term, 1891, No. 766." It seems therefore that the present petitioners had no notice of the former proceedings and therefore have had no day in court, and have had no opportunity to have their damages assessed. The only question raised on this record is the validity of the present proceeding. A rule was taken to quash the appointment of viewers and dismiss the petition. This rule was discharged by the learned court below, and an exception was dismissed which raised the same question.

We do not discover any sufficient reason for denying redress to these parties, or for requiring them to reopen the former proceeding. There is nothing in the act of May 16, 1891, P. L. 75, which prevents a party who has had no notice of a pending proceeding, from filing another petition. It is certainly true

that the act contemplates a single proceeding for the ascertainment of all damages. The provisions of the first and second sections indicate such a purpose quite clearly. But the act requires that certain things shall be done in the conduct of the proceedings, among the most important of which is the giving of notice to all parties interested, in such manner as the court shall direct. In the second section a positive provision is made that personal notice shall be given to all parties interested, of all damages allowed, or benefits assessed, by a meeting of viewers to be held at least ten days after such notice has been given, at which meeting a schedule of damages and benefits shall be exhibited and all exceptions thereto shall be heard. In the present case no such notices as are required by the act were given to these petitioners, and the question is, have they a right to be heard upon a subsequent petition presented by themselves? We cannot understand why they have not such a right. The time to appeal had gone by when the present petition was filed, and as they had not been served with the notices which the law requires to be given, we cannot hold them bound by what was done under the first proceeding. There is nothing in the act of 1891 which requires them to reopen the first proceeding, and there is nothing which deprives them of the right to file a subsequent petition. The cases cited for the appellant do not seem to be applicable, as personal notice of the original proceeding was not required by the law in those cases. Without . giving sanction to the proposition that individual parties may in any case disregard a pending proceeding where the statutory requirements have been complied with, and introduce their claims in a subsequent proceeding, we think the ends of justice will not be accomplished except by entertaining the present proceeding.

Judgment affirmed and appeal dismissed at the cost of the appellant.